# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN GARCIA, | ) | 1:12cv031 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| KOJO H. MOORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Stephen Garcia ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed this action on December 27, 2011. The action was transferred to this Court on December 31, 2011. Plaintiff names attorney Kojo J. Moore and Ciummo & Associates as Defendants.

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Allegations

Plaintiff is a resident of Los Angeles. He alleges that in December 2008, he was arrested at a Rite Aide in Fresno County after arguing with the manager. Plaintiff contends that he was assaulted during the arrest and suffered a broken jaw. He was charged with assault and making terrorist threats against a police officer.

During a hearing in the criminal action, Plaintiff alleges that he made a motion to dismiss based on inconsistent testimony. The motion was denied. Plaintiff's charges were eventually dropped from felonies to misdemeanors.

Soon thereafter, on February 19, 2009, Defendant Kojo J. Moore was appointed to represent Plaintiff. He alleges that his charges were changed back to felonies and that he requested that Defendant Moore discuss this with the judge. Plaintiff alleges that Defendant Moore failed to do so and therefore committed fraud by pursuing the case as a felony case "just to bring in profits" for Defendant Ciummo & Associates.

The assault charge was eventually dismissed and Plaintiff requested that Defendant Moore move to dismiss the action because the 90-day speedy trial time had expired. Defendant Moore did not do so and the judge denied Plaintiff's own request. Plaintiff alleges that he was offered 2 years probation and time served.

Plaintiff first alleges a cause of action for breach of fiduciary duty based on misrepresentations that Defendant Moore would be the lead trial attorney, that Defendants had expertise in complex criminal cases and that Defendant Moore would file a motion to dismiss. He alleges that as a result, he was placed on a 2 year felony probation "and then re-arrested and re-sentenced to a stricter probation."

1    For the second cause of action, Plaintiff alleges negligent misrepresentation based on
2 failure to disclose the misrepresentations alleged in the first cause of action. Plaintiff further
3 alleges that he relied on these misrepresentations and lost his case as a result.
4    Finally, Plaintiff alleges a cause of action for professional negligence for various failures
5 in discovery and during trial.
6    Plaintiff requests damages in the amount of 10 million dollars.
7 C.    Analysis
8    Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of
9 Am., 511 U.S. 375, 377 (1994). Generally, federal jurisdiction may be invoked if a civil action
10 arises under the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331, or if
11 there is complete diversity between the parties and the amount in controversy exceeds $75,000.
12 See 28 U.S.C. § 1332. It is presumed that a cause lies outside this limited scope, and the burden
13 of establishing the contrary rests upon the party asserting federal jurisdiction. Kokkonen, 511
14 U.S. at 377; Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir.2006).
15    On the Civil Cover Sheet, Plaintiff indicates that this action is brought pursuant to this
16 Court's diversity jurisdiction. However, all parties reside in California and are therefore not
17 diverse. See 28 U.S.C. § 1332 (diversity jurisdiction requires that the parties be citizens of
18 different states and the amount in controversy exceed $75,000). Accordingly, this Court does not
19 have diversity jurisdiction over Plaintiff's action.
20    Plaintiff's claims also fail to raise any issues under federal law. His claims for breach of
21 fiduciary duty, negligent misrepresentation and professional negligence are state law claims over
22 which this Court does not have jurisdiction.
23    While there are circumstances under which a plaintiff can challenge the assistance of
24 counsel in federal court, those circumstances are not present here. When a prisoner challenges
25 the legality or duration of his custody, or raises a constitutional challenge which could entitle him
26 to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411
27 U.S. 47 5 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090
28 (1991).

Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Therefore, Plaintiff cannot challenge his confinement in a section 1983 action where his conviction has not been invalidated.

Accordingly, this Court does not have jurisdiction over Plaintiff's claims and recommends that the action be dismissed. Plaintiff may attempt to raise his claims in a petition for writ of habeas corpus, or he may file his claims in the appropriate California court.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to state a claim.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 11, 2012**                       /s/ **Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE